UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )    CIVIL ACTION
v.                           )    NO.
                             )
DELIA J. BAEZ,               )
                             )
        Defendant.           )
                             )

**05  10401 RCL**

MAGISTRATE JUDGE ____

RECEIPT # _____
AMOUNT $ N/A
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY CLK _____
DATE 2/2/05

**COMPLAINT**

## I.    Introduction

1.    This is a civil action brought by the United States
against Delia J. Baez ("Baez"), of Boston, Massachusetts, under
the False Claims Act, 31 U.S.C. §§ 3729 et seq., and under the
common law for fraud, unjust enrichment, and payment by mistake
of fact.  The United States alleges that Baez obtained income and
other assistance from the federal government by representing that
she was without assets and substantial income, representations
that were false, fraudulent, and misleading, since Baez had
substantial assets and income, including valuable real estate
properties.

2.    Baez received approximately $26,000 in federally-funded
housing subsidies, approximately $12,000 in income assistance and
food stamps, and, in addition, Medicaid assistance, when she was
ineligible for these payments and benefits, which are designed to
assist the indigent.  Baez also received substantial assistance

funded by the Commonwealth of Massachusetts and the City of
Boston.

## II.  **Jurisdiction and Venue**

3.  This Court has jurisdiction pursuant to 28 U.S.C. § 1325
and 31 U.S.C. § 3730.

4.  Venue lies in this District pursuant to 28 U.S.C. § 1391
(c) and 31 U.S.C. § 3732(a) as the place where Baez resides and
the conduct complained of occurred.

## III.  **The Facts**

5.  Baez applied for rental housing subsidies for an
apartment on the premises of the Boston Housing Authority at
Franklin Field, Ames St., Dorchester, Massachusetts, on  (1)
September 13, 1999, (2) November 30, 1999, (3) January 25, 2000,
(4) September 28, 2001, (5) November 2, 2001, (6) January 13,
2002, (7) July 14, 2002, and (8) June 4, 2003.  As a part of her
applications, she provided false information regarding her
monthly income and she made material omissions regarding her
income and assets.

6.  Baez moved into public housing on September 21, 2001,
and vacated public housing in May 2004.  During the period 2001-
2004, Baez received $51,038 in rental assistance for which she
was ineligible from the Boston Housing Authority, half of which
was paid for by the United States, in reliance on her
representations and omissions regarding her income and assets.

2

7.  Baez applied for income assistance and food stamps from the Massachusetts Division of Transitional Assistance and made certifications regarding her income and assets, on (1) June 31, 2002, (2) September 12, 2002, (3) October 7, 2002, (4) November 4, 2002, (5) December 9, 2002, and January 8, 2003 (two certifications for same payment period), (6) February 5, 2003, (7) February 12, 2003, and February 26, 2003 (two for same period), (8) March 21, 2003, (9) April 27, 2003, (10) May 14, 2003, (11) June 23, 2003, (12) July 12, 2003, (13) August 27, 2003, (14) October 15, 2003, (15) November 22, 2003, (16) January 15, 2004 and February 1, 2004 (two for same period), (17) February 2, 2004, and  (18) February 18, 2004.  In each application and certification, she provided false information regarding her income and made material omissions regarding her income and her assets.

8.  As a result of Baez' applications to the Massachusetts Division of Transitional Assistance, Baez received $9,320.08 in income assistance for which she was ineligible and $2,962 in food stamps for which she was ineligible, for a total of $12,282.08, paid for by the United States, in reliance on her representations and omissions.

9.  Baez applied to the Massachusetts Office of Health and Human Services, Division of Medical Assistance, for Medicaid covering the period September 2002 through April 2004.  For each

3

application and certification, she provided false information regarding her monthly income and she made material omissions regarding her income and her assets.

10.  As a result of Baez' applications to the Department of Health and Human Services, she received substantial benefits from Medicaid, paid for by the United States, in reliance on her representations and omissions.

11.  During the period that Baez was receiving the payments and benefits described above, she was the sole title holder of commercial real property at 3381-83 Washington Street, Jamaica Plain, Massachusetts that has an equitable value of approximately $730,000 or more.  She qualified for and obtained a mortgage from Roxbury Highland Cooperative Bank of $179,500, secured by this property.  On July 15, 2002, Baez entered into a partnership agreement to operate Mi Tierra Restaurant on the premises, and, pursuant to the agreement, she contributed $65,000 to start-up of the business.  Baez also rented storage space and parking space on this property.  Baez admitted to receiving income of approximately $4,000 a month from this property.

12.  In May 2004, Baez purchased real property at 93 Cummins Highway, Roslindale, Massachusetts, a multifamily residence, for $480,000.  She qualified for and obtained a mortgage of $384,000 from Option One Mortgage Company, secured by this property, and she made a downpayment of $96,000.

4

13.   During the period that Baez was receiving payments and benefits, on August 13, 2002, the United States seized $62,552 in cash from Baez while she was attempting to pass through U.S. Customs at Logan Airport to leave the United States.  Baez filed a sworn statement, pursuant to 18 U.S.C. § 983, on October 24, 2002, that she was the owner of the cash.

14.   During the period that Baez was receiving payments and benefits, she maintained a checking account at Fleet Bank into which she deposited large sums of money.  For example, on May 5, 2002, Baez deposited approximately $16,000 in the account and on September 2002, she deposited $11,962.68 in the account.  Baez also withdrew large sums of money from the account.  For example, by check to herself dated February 21, 2001, Baez withdrew $25,000, and during the period May 2002 to September 2002, by checks to herself, she withdrew approximately $51,000 from the account.

15.   During the period that Baez was receiving payments and benefits, she made numerous airline trips outside of the United States.

16.   Baez's representations regarding her income and material omissions regarding her income and assets were false, fraudulent, and misleading, and were false claims made knowingly for the purpose of obtaining payments and benefits funded by the United States for the purpose of assistance to the indigent.

5

## FIRST CAUSE OF ACTION
### (False Claims Act -- Housing Assistance)

17.  Plaintiff incorporates by reference paragraphs 1-16 of this Complaint.

18.  Baez knowingly made materially false representations in the matters referred to in paragraphs five and six in order to get false or fraudulent claims for housing assistance paid by the United States, in violation of 31 U.S. § 3729(a)(1), to wit, representations regarding her income and material omissions regarding her income and her assets.

19.  Baez is liable for the amount of each and every payment made in reliance on said false representations, multiplied as provided in 31 U.S.C. § 3729(a), plus a civil penalty of $5500 to $11,000 for each false claim, as provided by 31 U.S.C. § 3729(a), together with interest and costs.

## SECOND CAUSE OF ACTION
### (False Claims Act -- Income Assistance and Food Stamps)

20. Plaintiff incorporates by reference paragraphs 1-16 of this Complaint.

21. Baez knowingly made materially false statements in the matters referred to in paragraphs seven and eight in order to get false or fraudulent claims for income assistance and food stamps paid by the United States, in violation of 31 U.S. § 3729(a)(1), to wit, representations regarding her income and material

6

omissions regarding her income and assets.

22. Baez is liable for the amount of each and every payment made in reliance on said false claims, multiplied as provided in 31 U.S.C. § 3729(a), plus a civil penalty of $5500 to $11,000 for each false claim, as provided by 31 U.S.C. § 3729(a), together with interest and costs.

### THIRD CAUSE OF ACTION
### (False Claims Act -- Medical Assistance)

23. Plaintiff incorporates by reference paragraphs 1-16 of this Complaint.

24. Baez knowingly made materially false statements in the matters referred to in paragraphs nine and ten in order to get false or fraudulent claims for medical assistance paid by the United States, in violation of 31 U.S. § 3729(a)(1), to wit, representations regarding her income and material omissions regarding her income and assets.

25. Baez is liable for the amount of each and every payment made in reliance on said false claims, multiplied as provided in 31 U.S.C. § 3729(a), plus a civil penalty of $5500 to $11,000 for each and every statement, as provided by 31 U.S.C. § 3729(a), together with interest and costs.

## FOURTH CAUSE OF ACTION
### (Common Law Fraud)

26.   Plaintiff incorporates by reference paragraphs 1-16 of this Complaint.

27.   Baez made the material representations referred to in paragraphs five through ten of this Complaint, knowing that her representations were false, or such representations were in reckless disregard of their truth of falsity, to induce the payment of the benefits and payments described, and Baez received said benefits and payments from the United States, to which she was not entitled, in reliance on her fraud, false statements, misrepresentations, and deceit.

28.   Baez is liable for the amount of each and every payment and benefit that she received from the United States in reliance on her fraud, false statements, misrepresentations, and deceit, together with prejudgment interest.

## FIFTH CAUSE OF ACTION
### (Unjust Enrichment)

29.   Plaintiff incorporates by reference paragraphs 1-16 of this Complaint.

30.   Baez received the payments and benefits referred to in paragraphs five through ten of this Complaint from the United States, and she accepted and retained said payments and benefits when it was inequitable to do so because she was ineligible for

8

them.

31.   Baez is liable in the amount of each and every payment and benefit that she received from the United States, because she was not entitled to the payments and benefits.

## **SIXTH CAUSE OF ACTION**
### **(Payment by Mistake of Fact)**

32.   Plaintiff incorporates by reference paragraphs 1-16 of this Complaint.

33.   The United States disbursed the payments and benefits referred to in paragraphs five through ten of this Complaint to Baez under mistake of fact because the United States was not legally obligated to pay said payments and benefits, and Baez accepted and retained said payments and benefits when it was inequitable to do so because she was not entitled to them.

WHEREFORE, Plaintiff demands judgment against Baez as follows:

A.   On Count One, judgment against Baez for triple the damages sustained by Plaintiff, for the amount of $113,403.24, plus civil penalties as are allowable by law in the amount of $5,500 per violation, costs, and all other proper relief.

B.   On Count Two, judgment against Baez for triple the damages sustained by Plaintiff, for the amount of $113,403.24, plus civil penalties as are allowable by law in the amount of

9

$5500 per violation, costs, and all other proper relief.

C.  On Count Three, judgment against Baez for three times the amount of Medicaid payments made on Baez' behalf, plus civil penalties in the amount of $5,500 per violation, costs, and all other proper relief.

D.  On Count Four, judgment against Baez for damages of $37,801.08, plus pre-judgment interest, costs, and all other proper relief.

E.  On Count Five, judgment against Baez for restitution of $37,801.08, plus pre-judgment interest, costs, and all other proper relief.

F.  On Count Six, judgment against Baez for restitution of $37,801.08, plus pre-judgment interest, costs, and all other proper relief.

                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney


                    _____
                    ANITA JOHNSON
                    Assistant U.S. Attorney
                    Moakley United States Courthouse
                    1 Courthouse Way - Suite 9200
                    Boston, MA   02210
                    (617)748-3282


DATED: March 3, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __United States v. Delia J. Baez__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

___    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

___    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
               740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.        for patent, trademark or copyright cases

___    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
               315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
               380, 385, 450, 891.

___    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
               690, 810, 861-865, 870, 871, 875, 900.

___    V.      150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

_____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                        YES ☐      X NO

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?   (SEE 28 USC §2403)
                                                        YES ☐      X NO
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                        YES ☐      NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                        YES ☐      X NO

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                        YES   X NO

        A.     IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

               EASTERN DIVISION      CENTRAL DIVISION              WESTERN DIVISION

        B.     IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
               GOVERNMENTAL AGENCIES,  RESIDING IN MASSACHUSETTS RESIDE?

               EASTERN DIVISION      CENTRAL DIVISION ☐            WESTERN DIVISION ☐
(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____Anita Johnson_____

ADDRESS ___U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02110_____

TELEPHONE NO. __(617) 748-3266_____

(CategoryForm.wpd - 11/27/00)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement th      ng and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**DEFENDANTS**
DELIA J. BAEZ

2005 MAR -2 P 3: 40

U.S. DISTRICT COURT
DISTRICT OF MASS.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
Anita Johnson
United States Attorney's Office
1 Courthouse Way, Suite 9200, Boston, MA 02210
(617) 748-3266

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
and One Box for Defendant)
(For Diversity Cases Only)

|  | DEF |  | DEF |
|---|---|---|---|
| Citizen of This State ☐ 1 | ☐ 1 | Incorporated or Principal Place ☐ 4 of Business In This State | ☐ 4 |
| Citizen of Another State ☐ 2 | ☐ 2 | Incorporated and Principal Place ☐ 5 of Business In Another State | ☐ 5 |
| Citizen or Subject of a ☐ 3 Foreign Country | ☐ 3 | Foreign Nation ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X " in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

Transferred from
another district
(specify)

☐ 5

☐ 6 Multidistrict
Litigation

Appeal to
District
Judge from
Magistrate
Judgment

☐ 7

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

False Claims Act 31 U.S.C. § 3729

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  3/2/04

SIGNATURE OF ATTORNEY OF RECORD
Anita Johnson  AUSA

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.