UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. 05-10401-RCL |
| | ) | |
| DELIA J. BAEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**GOVERNMENT'S PROPOSED SCHEDULING ORDER**

1. Nature of Case

This is an action brought pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq., and under the common law for fraud, unjust enrichment, and payment by mistake of fact. The False Claims Act provides for penalties in the amount of triple the amount of proven damages. The action was commenced on March 2, 2005. The defendant was served the summons and complaint on March 15, 2005.

The government alleges that Baez obtained from the federal government income assistance, housing subsidies and other assistance designed to support low income people by representing that she was without assets and without substantial income, representations that were false, fraudulent, and misleading, since Baez had substantial assets and income, including valuable real estate properties. The government is unaware of what defenses Baez may have, because Baez' Answer is merely a general denial.

2. The United States intends to file a motion for summary judgment. It suggests that the motion be filed on or before November 18, 2005, and that Defendant file her response, if any, fourteen days after the filing of the motion.

3. If, after the filing of the pleadings for summary judgment, discovery is requested, the United States suggests that the court determine what discovery is necessary and set a schedule for discovery.

4. If summary judgment is denied, the United States suggests that all discovery be

completed within eight months of such denial, and that dispositive motions, if any, be filed no later than 10 weeks after the close of discovery.

     5. The government has been unable to confer with counsel for Baez or otherwise ascertain Baez' point of view. The government does not see an opportunity for alternative dispute resolution at this time because the government does not know what factual or legal defenses Baez may present. The government has already incurred considerable expense in developing the case prior to filing the Complaint and the Motion for Default Judgment.

     If discovery becomes necessary, it appears that the goal of the government's discovery will be ascertaining whether Baez has legal or factual defenses and ascertaining the totality of Baez' assets and income.

     Respectfully submitted,

     MICHAEL J. SULLIVAN
     United States Attorney


     /s/Anita Johnson
     ANITA JOHNSON
     Assistant U.S. Attorney
     John Joseph Moakley U.S. Courthouse
     One Courthouse Way - Suite 9200
     Boston, MA 02210
     (617) 748-3266


Certificate of Service and Rule 7.1 Attempt

     I hereby certify that I have served the foregoing upon William Keefe, counsel for Defendant, 390 Centre Street, Jamaica Plain, Mass. 02130, (617) 983-9200, by first class mail, postage prepaid, on this 27th day of October 2005, and that I attempted to telephone said counsel and I faxed him and also E-mailed him a Proposed Scheduling Order, all on October 24, 2005, and I attempted to contact him on this day, but have been unable to speak with him or obtain his views on this proposal.

     /s/Anita Johnson

Dated: 10/27/05