UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ )
                             )
UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )   CIVIL NO. 10401-RCL
                             )
DELIA J. BAEZ,               )
                             )
        Defendant.           )
_____ )

## UNITED STATES' OPPOSITION TO REQUEST TO SET ASIDE JUDGMENT

Defendant Baez moves to set aside the Court's Judgment of April 27, 2006, with respect to triple damages and penalties for her false statements to obtain housing subsidies, Medicaid, food stamps, and income assistance. She presents basis for this relief.

Presumably, Baez is moving under Rule 60(b), which provides for relief from a Final Judgment on the basis of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 50(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Because Baez has set forth no reasons at all justifying relief under (1) through (5), she

appears to be requesting relief for "other reason that justifies relief." However, Baez presents no basis for another reason for relief.

(1) Baez sets forth no challenge to the Court's determination that she is liable for false statements to the government. Nor could she present such a challenge. She made 22 separate false claims for government benefits, over a period of years. These statements failed to disclose substantial assets and income, and the record shows that her assets and income made her ineligible for the benefits that she received. See Memorandum In Support of Summary Judgment, Exhibit 1, Declaration of USDA Special Agent Chris Robinson at ¶ 8, Exhibit 2, Declaration of Joan Shea (Boston Housing Authority) at ¶ 6.

(2) Baez argues that the amount of the Judgment imposed should be reassessed because the government benefits that she obtained went to help members of her household other than herself. However, this argument does not help her because her applications for government benefits were made on behalf of her household, not solely on herself. Her applications state that her friend, Geronimo, was a member of the household and set forth information about his income, including his salary and the Social Security Disability benefits that he received. See attachments to Robinson Declaration, attachments to Shea Declaration (Baez' applications for benefits). The applications also state that her household included from two to four children (at various times). Id. Accordingly, the presence of other household members does not change the calculus here. In addition, it would not have changed the calculus for the government agencies, because

they made their determination of eligibility based on the size and members of her household and not upon her supposed situation alone, and they have since determined that, given her true income and assets, her household was ineligible for the benefits received.

(3)  Baez is applying for relief almost two years after Judgment, and has not explained to the Court why, if relief were justified, she did not apply earlier.

(4)  Baez was represented throughout the case by experienced counsel, and she did not file any opposition at all to the United States' Motion for Summary Judgment or to the United States' Motion for Judgment as to a particular amount.

(5)  At the time that Baez applied for and received government benefits for the poor, her income and assets were substantial.  She owned well substantial urban real estate, worth approximately $900,000 at the time, and had qualified for mortgages from banks for the purchase of a multifamily, urban residence, had income from a restaurant that she operated, from rentals on a parking lot that she owned, and from her business of sending consumer goods to the Dominican Republic for sale.  See United States' Memorandum for Summary Judgment at 14-15.  She was depositing and withdrawing large amounts of cash from bank accounts,[1] and was carrying $62,552 in cash on her person when she was stopped at Logan Airport, on August 12, 2002.  Accordingly, Baez

---

[1] Such as the $25,000 that she withdrew from her bank account on February 21, 2001.  Id. a

t 15.

3

was not marginally ineligible for public assistance.  She was totally out of the ballpark for public assistance.

      Accordingly, the United States' requests that Baez' Motion for Relief be denied.

      Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Anita Johnson
ANITA JOHNSON
Assistant U.S. Attorney
Moakley United States Courthouse
1 Courthouse Way - Suite 9200
Boston, MA   02210
(617)748-3282


**Certification of Service**

    I hereby certify that the foregoing will be served on counsel for Baez, William Keefe, upon filing by the ECF system, on this 20th day of February 2008.

/s/ Anita Johnson